IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Anna Ulubiyo, | Case No.: 1:20 -cv-04362-WMR-JSA |
| Plaintiff, | |
| vs. | |
| Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services, | |
| Defendant. | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**Description of Case:**

Plaintiff brings claims and seeks damages against Defendant Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8).

**Plaintiff's Summary:**

Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff ("the Alleged Debt"). Plaintiff disputes the Alleged Debt.

On June 2, 2020 Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed Defendant reporting the Alleged Debt. On or about June 23, 2020, Plaintiff submitted a letter to Defendant disputing the Alleged Debt.

On August 18, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Defendant failed or refused to flag the tradeline reporting the Alleged Debt as disputed, in violation of the FDCPA.

## **Defendant:**

Defendant, Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services ("ARS"), sought the collection of a past due medical debt obligation claimed due by Plaintiff.  The subject debt was placed with ARS from the original creditor, Emergency Physicians Kang and Associates, MD on or about September 30, 2018. The subject debt was placed with ARS for collection on or about November 22, 2019. On December 2, 2019, ARS sent to Plaintiff a letter with a notice for Plaintiff to request validation of the subject debt within thirty (30) days of the notice. Plaintiff, with the assistance of counsel, sent correspondence dated June 23, 2020 which contained a notice of dispute of the subject debt, to ARS. ARS received a notice of dispute of the subject debt from Plaintiff on August 6, 2020. Pursuant to ARS policies and procedures, ARS reported the subject debt as disputed to the credit reporting agencies beginning on September 5, 2020.

The issues to be tried are as follows:

## **Plaintiff's Summary:**

- Whether Defendant's foregoing acts have violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known to be false or should known to be false;

- The amount of damages, if any, to which Plaintiff is entitled; and

- Whether the underlying reporting was inaccurate;

## **Defendant's Summary:**

- Whether the Defendant ARS has a duty or obligation under 1692e(8) to re-report a debt as dispute pursuant to the FDCPA after it had already reported the account to the credit reporting agency?  See: *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008) cited by *Spina v. Quality Asset Recovery, LLC*, 2017 U.S. Dist. LEXIS 216573 *; 2017 WL 2799440 (M.D. Fla. May 26, 2017)

- Whether the Defendant ARS has a statutory time limit to report the debt as disputed under Section 1692e(8)?

- Whether Defendant ARS is entitled to the FDCPA's bona fide error defense pursuant to 1692k?

The cases listed below (include both style and action number) are:

 Pending Related Cases:

  None.

Previously Adjudicated Related Cases:

None.

This case is complex because it possesses one (1) or more of the features listed below (please check):   **THIS CASE IS NOT COMPLEX.**

___ (1)  Unusually large number of parties
___ (2)  Unusually large number of claims or defenses
___ (3)  Factual issues are exceptionally complex
___ (4)  Greater than normal volume of evidence
___ (5)  Extended discovery period is needed
___ (6)  Problems locating or preserving evidence
___ (7)  Pending parallel investigations or action by the government
___ (8)  Multiple use of experts
___ (9)  Need for discovery outside United States boundaries
___ (10)  Existence of highly technical issues and proof

**Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiff:</u>**
Daniel M. Brennan
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
248-353-2882 (Phone)
248-353-4840 (Fax)
daniel@crlam.com

**<u>Defendant:</u>**

Ernest H. Kohlmyer, III, Esq., LL.M.
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
skohlmyer@shepardfirm.com

**Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

<u>X</u>  Yes     __No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**Parties to This Action:**

The following persons are necessary parties who have not been joined:

**None.**

The following persons are improperly joined as parties:

**None.**

The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

List separately any amendments to the pleadings which the parties anticipate will be necessary:

At this time, the parties do not anticipate any additional amendments to the pleadings but all parties reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, this Court's Local Rules, and any applicable law.

Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.

**Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

*Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

*Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

*Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.

**Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects to that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial

disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

If not already filed, the parties anticipate that Initial Disclosures will be filed within 14 days.

**Request for Scheduling Conference:**

Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

**Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Please state below the subjects on which discovery may be needed:

**<u>Plaintiff:</u>**

- Discovery will be needed on all allegations, claims, theories of liability, damages, and affirmative defenses alleged in the Complaint and Answers.

**<u>Defendant:</u>**

- Discovery will be needed to review the factual support and/or rebuttal to any and all material allegations contained in the Complaint, including Article III Standing and Jurisdiction and the Affirmative Defenses raised by Defendant.

The parties respectfully request a 4-month discovery period track be assigned to this case to begin on the date this Discovery Plan is Ordered.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not anticipate additional time being needed at this point.  The parties will move the court for additional time should they consider it necessary after the commencement of, but prior to the close of, discovery.

**Discovery Limitations**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

The parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary e-mail address listed below (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleadings of other papers by other authorized means.

The parties reserve the right to seek such orders should they become necessary.

Is any party seeking discovery of electronically stored information?

   X   Yes             ____ No

If "yes,"

The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, or key witnesses) as follows:

The parties will produce electronically stored information ("ESI") in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff and Defendant reserve the right to redact from their respective ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native, method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

> The parties agree that electronic written documents shall be produced unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Audio recordings shall be produced in .mp3, .mp4, or .amr format. However, the parties reserve the right to request documents be produced in a different format if the need for a native format arises and is deemed critical by one of the parties. The parties will meet and confer regarding the format for the production of specific documents should the need arise. The parties' consent to the service of anything required to be served, including electronically stored information, via electronic means to their email address of record pursuant to Fed. R. Civ. P. 5(b)(2)(E). Any electronically stored information which cannot be sent via email should be on disk or an agreed-upon secure internet method.

**Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?

**None at this time.**

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently

specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**Settlement Potential:**

Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a telephonic Rule 26(f) conference that was held on **December 29, 2020**, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**:  Lead counsel (signature):      Daniel M. Brennan

/s/ *Daniel M. Brennan*                         December 30, 2020

**For Defendant:**    Lead counsel Ernest H. Kohlmyer, III:

 */s/ Ernest H. Kohlmyer, III*                 **December 29, 2020**

All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X ) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

Counsel (   X   ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

The following specific problems have created a hindrance to settlement of this case.

None at this time.

**Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 20__.

The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

By: */s/ Daniel M. Brennan*
Daniel M. Brennan
Georgia Bar No. 271142
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile:  (248) 353-4840
E-Mail: daniel@crlam.com
*Attorneys for Plaintiff,*
*Anna Ulubiyo*


/s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III
Florida Bar No.: 0110108
SKohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884

Attorneys for Defendant, Healthcare
Revenue Recovery Group, LLC d/b/a ARS
Account Resolution Services

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Anna Ulubiyo, | Case No.: 1:20 -cv-04362-WMR-JSA |
| Plaintiff, | |
| vs. | |
| Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services, | |
| Defendant. | |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

_____

_____

      IT IS SO ORDERED, this _____ day of _____, 2020.

_____

THE HONORABLE DISTRICT JUDGE

14

15