IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNA ULUBIYO, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:20-CV-4362-WMR-JSA |
| HEALTHCARE REVENUE RECOVERY : | |
| GROUP, LLC, d/b/a Account Resolutions : | |
| Services, : | |
| : | |
| Defendant. : | |

## SCHEDULING ORDER

Upon review of the Joint Preliminary Report and Discovery Plan [10] ("JPR") filed by the parties, the Court approves the deadlines therein, and **ORDERS** that the time limits for adding parties, amending pleadings, filing motions, completing discovery, filing a proposed pretrial order, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified.

In the JPR, the parties checked "yes" in response to the question "Is there any question regarding this court's jurisdiction?" JPR at 5. The JPR instructs that, if the response is "yes," the objecting party must attach a statement explaining the jurisdictional objection, and that "[e]ach objection should be supported by authority." *Id*. However, the parties failed to attach any statement explaining the

jurisdictional objection. Accordingly, to the extent that any party has an objection to this Court's jurisdiction over this case, the party must submit a statement within **fourteen (14) days** of the date of this Order, in accordance with the requirements set forth in the JPR, that sets forth the jurisdictional objection and provides authority to support its argument that this Court does not have jurisdiction over this case.

This case has been assigned to a four-month discovery track and, pursuant to the Local Rules of this Court, the discovery period, including discovery from third parties, ends on **May 10, 2021**. *See* LR 26.2A, NDGa (the discovery period begins thirty days after the first defendant files an answer). The parties are advised that, **if a discovery dispute arises between the parties that is unable to be resolved through a live (in-person or at least telephonic) conference between counsel, counsel and *pro se* litigants are required to contact the chambers of the undersigned by telephone jointly, with their adversary on the line, before filing a motion.** If successive attempts to contact the adversary are unsuccessful, if the adversary refuses to contact the Court jointly, or if there is some other good cause for why a joint call could not be accomplished, the initiating party may send a letter, not to exceed two (2) pages, describing the discovery issue for which relief is sought and the reason why no joint call was made. This letter must be copied on all adversaries. Motions to compel, motions for protective order, motions for sanctions

or any other motion arising out of a discovery dispute should ordinarily not be filed without a prior conference with the Court.

The Court encourages all parties to work with each other to allow for depositions to occur at least partially by video conference during the pendency of the COVID-19 pandemic and to otherwise agree to reasonable procedures to maximize social distancing and to protect all participants against unnecessary risk. As with all other disputes, the Court will entertain requests for orders relating to deposition procedure, but requires and expects the parties to work together in good faith to try to avoid the necessity of bringing those disputes to the Court.

Pursuant to Local Rule 16.4, the parties must file a proposed pretrial order no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any motions for summary judgment, whichever is later. *See* LR 16.4, NDGa. The Court extends the deadline for filing a proposed consolidated pretrial order until **forty (40) days** after the close of the discovery period, or, in the event that any party files a motion for summary judgment, until **thirty (30) days** after the district court's final ruling on all pending motions for summary judgment, whichever is later. Normally, motions for summary judgment are resolved based on the submissions. However, the Court will liberally grant any request for oral argument made within seven days of the filing of either party's principal brief so long as a certification is

made that a lawyer with no more than five years' experience since being admitted to a bar will handle the oral argument on behalf of one of the parties.

**IT IS SO ORDERED** this 12th day of January, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

4